UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE CHAPPELL,<br><br>        Petitioner,<br><br>    v.<br><br>B. KIEBLER, WARDEN,<br><br>        Respondent. | No. 2:22-cv-0259 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

      Petitioner, a state prisoner proceeding pro se, seeks habeas relief pursuant to 28 U.S.C. § 2254 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF Nos. 1, 5. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4.

      Here, petitioner brings a single claim of sentencing error under California law. ECF No. 1 at 5 (challenging "unauthorized sentence" following 2009 plea bargain). The only relief that he seeks is an amended abstract of judgment. Id. at 15. Errors of state law do not come within the scope of federal habeas jurisdiction, and sentencing is a quintessentially state law matter that is

not reviewable in federal habeas. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (habeas relief "is unavailable for alleged error in the interpretation or application of state law"); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (question of state sentencing law are not cognizable in federal habeas). Petitioner's reference to "due process" does not transform a claim of sentencing error into a constitutional claim. See Langford v. Day, 110 F.3d 1380, 1380 (9th Cir.) (a litigant may not transform a state law issue into a federal one merely by asserting a violation of due process), cert. denied, 522 U.S. 881 (1997). Accordingly, it appears that this court lacks jurisdiction over the petition.[1]

Moreover, the face of the petition clearly indicates that petitioner failed to exhaust his claims prior to filing the instant petition. The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See 28 U.S.C. § 2254(b). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all the claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971). The petition in this case clearly indicates that at the time of filing, petitioner had not appealed from his conviction and sentence, nor previously filed any application for collateral relief in the state courts. ECF No. 1 at 2-5. Petitioner does state that he "is now filing a notice of appeal and also filing in supreme court." Id. at 5. A habeas petition directed to the state court(s) is attached to the federal petition; it gives no indication of having been filed in any court. Id. at 16 et seq.

This court has discretion to consider exhaustion sua sponte. Granberry v. Greer, 481 U.S. 129, 133-34 (1987). Because it is plain from the face of the petition that all claims are presently unexhausted, and non-exhaustion precludes relief, 28 U.S.C. § 2254(b), only one conclusion is

---

[1] The undersigned is aware that an attachment to the petition includes arguments that suggest at least one potential federal claim. See ECF No. 1 at 26-29 (arguing that petitioner was denied the effective assistance of counsel). The body of the petition does not state this as a ground for relief, however. Leave to amend the petition is not appropriate at this time because, as explained above, any possible federal claims are unexhausted. Because it is possible that petitioner may seek to return to this court in the future with arguably exhausted federal claims, the undersigned will recommend that dismissal be without prejudice on non-exhaustion grounds notwithstanding the lack of jurisdiction as to the sentencing claim.

possible: "it plainly appears from the petition. . . that the petitioner is not entitled to relief in the district court." Habeas Rule 4.  Accordingly, the petition should be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. The petition be DISMISSED without prejudice, and

2. Petitioner's motion to proceed in forma pauperis (ECF No. 5) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 29, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE